Matter of the Estate of HENRY B. HART, Deceased.

(Surrogate's Court, New York County, January, 1917.)

Transfer tax — notice of appraisal — statutes — deeds — trusts — pleading — when payment of transfer tax directed.

Where an affidavit attached to a transfer tax appraiser's report specifically alleges that notice of the appraisal, required by statute, was duly mailed to the executor, his denial upon information and belief that he received notice is not sufficient to controvert said allegation.

Upon the return of a citation to show cause why the transfer tax should not be paid, the respondent should not be permitted to show that the order assessing the tax was incorrect in some minor particular or that there was an error of law in assessing the tax, as the statute provides for an appeal for the correction of such error.

By a deed executed in 1888, decedent gave to persons therein named $10,000 in trust to pay the income to himself during life or until the termination of the trust by his marriage or the death of either of the trustees, and, upon the termination of the trust, said money was to be paid over to him, with provision that if the trust was existing at his death the trustees were to pay over the trust fund to such persons as he by his last will should direct and appoint, and, in default of such direction, to his next of kin. The trust was not terminated until the death of decedent and by his will the trust fund was disposed of to various persons many of whom were not next of kin. *Held*, that the transfer of the property was effected by the will and not by the deed of trust, and that, under chapter 399 of the Laws of 1892, in force at the time of the death of decedent, a transfer tax was properly assessed upon

Surrogate's Court, New York County, January, 1917. [Vol. 98.

the legacies payable from the trust fund, irrespective of the amount of the individual bequests.

The answer of the executor giving no satisfactory reason for his failure to pay the tax, and he being personally liable therefor under section 3 of said statute of 1892, a decree may be entered directing such payment.

PETITION by the district attorney of this county for issuance of a citation directed to the executor of above-named decedent to show cause why the tax assessed upon the estate should not be paid.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

Engelhard & Pollak, for respondent.

FOWLER, S. Upon the petition of the district attorney of this county a citation was issued, directed to the executor of the above-named decedent, to show cause before this court why the tax assessed upon the estate should not be paid. The decedent died on the 3d of April, 1893, and the order fixing the tax was entered on the 11th of November, 1912. The executor has filed an answer in which he alleges upon information and belief that the appraiser did not give him notice of the appraisal. Attached to the appraiser's report in the transfer tax proceeding is an affidavit which alleges specifically that notice of appraisal was duly mailed to the executor. This is the only notice required by the statute. The executor's denial " upon information and belief " that he received notice is not sufficient to controvert the allegation in the affidavit attached to the appraiser's report to the effect that such notice was given.

The executor also alleges in his answer that the surrogate was without jurisdiction to assess a tax upon

the interest of any of the legatees whose legacy was less than $500, and that as only one of the legatees was entitled to a legacy that exceeded $500 the order as to the others was without jurisdiction and void.

I am inclined to think that upon the return of a citation to show cause why the tax should not be paid the respondent should not be permitted to attempt to show that the order assessing the tax is incorrect in some minor particular or that there was an error of law in assessing the tax, as the statute provides an appropriate remedy by appeal for the correction of such errors. In the matter under consideration the respondent contends that the property was transferred by virtue of a deed of trust executed by the decedent on the 1st day of November, 1888, and that under the Tax Law in force at that time all the bequests that did not exceed $500 were not taxable. From the papers submitted on this application, however, it appears that the decedent executed a deed of trust on November 1, 1888, by which he gave the sum of $10,000 to the persons therein mentioned in trust, to pay the income to himself during his natural life or until the termination of the trust by his marriage or by the death of either of the trustees, and in the event of such termination the trust property was to be paid over to the decedent. The deed also provided that if the trust was in existence at the date of decedent's death the trustees were to pay over the trust fund to such persons as the decedent by his last will should direct and appoint, and in default of such direction to pay it to his next of kin. The trust was not terminated until the death of the decedent. He made a will by which he disposed of the trust fund to various persons, many of whom were not his next of kin.

The transfer of the property to the legatees was not

made by the deed of trust, but by the provisions of decedent's will. The transfer, therefore, was not effected until his death and the law in force at that time governs the taxability of the property transferred. *Matter of Caswell,* N. Y. L. J., April 24, 1914, opinion quoted Chrystie Inher. Tax, 1044; *Matter of Hawes,* 162 App. Div. 173. Under chapter 399 of the Laws of 1892, which was the Tax Law in force at the date of decedent's death, the bequests to the beneficiaries of the five per cent class were taxable irrespective of the amount of the individual bequests. The order assessing tax is, therefore, correct.

Section 3 of the Tax Law in force in 1892 provided that " administrators, executors and trustees of every estate shall be personally liable for such tax until its payment." As no satisfactory reason is contained in the answer of the executor for his failure to pay the tax, a decree will be entered directing such payment.

Decreed accordingly.